UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAMELA COLLINS, ) | |
| ) | |
| Plaintiff / Counter-Defendant, ) | |
| ) | No. 3:10-CV-451 |
| ) | (SHIRLEY) |
| V. ) | |
| ) | |
| PROGRESSIVE DIRECT INS. CO., a/k/a, ) | |
| MOUNTAIN LAUREL ASSURANCE CO., ) | |
| ) | |
| Defendant / Counter-Claimant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 6]. Now before the Court are a Motion for Default Judgment [Doc. 8] filed by Defendant/Counter-Claimant Progressive Direct Insurance Company ("Progressive"), and a Motion to Dismiss Counter-Complaint [Doc. 9] filed by Plaintiff/Counter-Defendant Pamela Collins ("Ms. Collins").

On January 6, 2011, the Court held a scheduling conference, via telephone, and the Court addressed these pending motions, among other things. The Court directed that Ms. Collins file her answer to the Counter-Claim [Doc. 5] within 10 days of the conference and that Progressive file a response to the Motion to Dismiss Counter-Complaint. Ms. Collins has filed her answer, and Progressive has responded to the Motion to Dismiss Counter-Complaint.

As to the Motion for Default Judgment [Doc. 8], the Court finds that Ms. Collins has responded to the Counter-Complaint, within the time afforded by the Court at the scheduling conference. The Court finds that the Motion for Default Judgment, which argues that Ms. Collins

has failed and/or refused to answer, has been mooted by Ms. Collins's response, and the Motion **[Doc. 8]** is **DENIED AS MOOT**.

In the Motion to Dismiss [Doc. 9], Ms. Collins complains that Progressive did not make its counter-claim in its initial pleading, as required by Rule 13 of the Federal Rules of Civil Procedure. Where a counter-claim is not made in an initial pleading or where an amendment is requested, the Federal Rules of Civil Procedure direct that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).[1]

The Court has considered the parties' filings on this issue, along with their statements at the scheduling conference. The Court finds that Ms. Collins has not been prejudiced by the fact that the counter-claim followed the initial responsive pleading. The Court finds that justice requires Progressive be given the Court's leave as to the counter-claim it filed out of time. Thus, the Counter-claim [Doc. 5] will remain in the record as filed, and it will not be dismissed. Accordingly, the Motion to Dismiss **[Doc. 9]** will be **DENIED**.

Finally, the Court has previously directed the parties to file a joint motion to correct the name of the corporate defendant in the docket. [See Doc. 10]. The parties have not done so. The parties are hereby **DIRECTED** to so file, on or before **March 11, 2011**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] See Fed. R. Civ. P. 13(f) (2009), Adv. Comm. Notes ("Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent.").