UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PAMELA COLLINS, )
 )
    Plaintiff / Counter-Defendant, )
 ) No. 3:10-CV-451
 ) (SHIRLEY)
V. )
 )
MOUNTAIN LAUREL ASSURANCE CO., )
 )
    Defendant / Counter-Claimant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 6]. The parties appeared before the Court on March 28, 2011, to address the Defendant's Motion to Compel Discovery [Doc. 18] and the Plaintiff's Motion to Amend Complaint [Doc. 23]. Attorney Dirk Daniel was present presenting the Plaintiff, and Attorney Terry Adkins was present, via telephone, representing the Defendant.

The Court finds that the Motion to Compel Discovery [Doc. 18] and the Plaintiff's Motion to Amend Complaint [Doc. 23] are ripe for adjudication, and the Court will address each of the motions in turn.

**A.    Defendant's Motion to Compel Discovery**

In its Motion to Compel, the Defendant moves the Court for entry of an order compelling the Plaintiff to respond to its interrogatories and requests for production. The Defendant's written

discovery was mailed to the Plaintiff on November 18, 2010. [See Doc. 21]. The Defendant represents that as of March 4, 2011, the Plaintiff had not responded to the written discovery propounded by the Defendant.

On March 17, 2011, the Plaintiff filed a Notice [Doc. 22] stating that she had responded to the Defendant's First Set of Interrogatories and Requests for Production of Document.

At the hearing on this issue, the Defendant represented that its Motion to Compel was moot except for one request. The Defendant stated that the Plaintiff had not yet produced bank account numbers that were allegedly used by the Plaintiff in making her premium payments to the Defendant. The Plaintiff agreed to produce these account numbers – one from Branch Banking and Trust and one from Bank of America – along with relevant banking information to the Defendant on or before **April 15, 2011**.

The Court finds that the issues presented in the Motion to Compel have been or are in the process of being resolved. The Court finds that the Motion to Compel is moot, and it is **DENIED AS MOOT**. However, should the Plaintiff fail to make the agreed-upon production stated above, the Court will entertain a renewal of the motion to compel.

B.     **Plaintiff's Motion to Amend Complaint**

On March 17, 2011, the Plaintiff filed a Motion to Amend Complaint [Doc. 23]. The Plaintiff's motion requests first that the Plaintiff be allowed to modify her *ad damnum* clause to state the following:

> Wherefore, Plaintiff, Pamela Collins, demands judgment against the Defendant for damages in the sum of $24,500.00, prejudgment interest, costs, attorney fees, and other incidental and consequential

> damages. The Plaintiff further prays for an award of treble damages pursuant to statute. The Plaintiff further requests a jury to try this cause of action.

[Doc. 23 at 1].

As an initial matter, the Defendant did not object to the Plaintiff's request to amend her complaint, and Rule 15 of the Federal Rules of Civil Procedure directs that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court finds that justice requires allowing the Plaintiff to amend in this instance. The Court finds that the request to amend is well-taken, and it will be **GRANTED**.

Turning to the remand request, the Plaintiff filed this suit in the Circuit Court for Union County, Tennessee, on June 30, 2010, seeking $150,000 in damages. [Doc. 1-1]. The Defendant removed the case to this Court on October 22, 2010. [Doc. 1]. On March 17, 2011, the Plaintiff moved to remand this action to state court.

As a general rule, a civil action brought in state court may be removed to a federal court if the action could have been brought in federal court originally. See 28 U.S.C. § 1441(a). In this case, the Defendant removed this civil action based on diversity of citizenship under 28 U.S.C. § 1332(a)(1), which vests the federal courts with jurisdiction in cases between citizens of different states where the amount in controversy is in excess of $75,000, exclusive of costs and interest.

As the removing party, the Defendant has the burden of demonstrating that removal was proper. Alexander v. Elec. Data Sys.Corp., 13 F.3d 940, 948-49 (6th Cir. 1994). As the undersigned noted in Norris v. A&S Building Systems, 2005 WL 2145189 (E.D. Tenn. Sept. 2, 2005), in attempting to defeat a remand, a defendant "must show that it is 'more likely than not' that the

plaintiff's claims meet the amount in controversy requirement." Id. at *1 (quoting Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872-73 (6th Cir. 2000)).

At the hearing in this matter, the Defendant responded in opposition to the Plaintiff's request for remand. The Defendant argued that the damages pled, when trebled, and combined with an award of attorneys' fees would almost certainly exceed $75,000.00. The Defendant also argued that remand is not appropriate because the Defendant has pled a counterclaim against the Plaintiff, pursuant to Tennessee Code Annotated §56-7-106, alleging that the Plaintiff's lawsuit was not brought in good faith. Counsel for the Defendant represented to the Court that the attorneys' fees incurred in defending this suit could very well exceed $75,000.00. Thus, the Defendant argues that the amount in controversy in the counterclaim exceeds the jurisdictional threshold.

It appears to the Court that both parties maybe engaging in a degree of gamesmanship and/or exaggeration (one "up" and one" down) as to whether their claim meets the amount in controversy jurisdictional threshold, and in attempting to secure their desired locale for litigating this action, but after considering the facts before it, the Court finds that it retains jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

The Court of Appeals for the Sixth Circuit has previously found that the amount in controversy threshold delineated in § 1332 is satisfied where consumer protection statutes that include treble damages, along with attorneys' fees, would increase damages that would otherwise fall under the threshold. See Rosen v. Chrysler Corp., 205 F.3d 918, 922 (6th Cir. 2000); accord Jones Mgmt. Serv., LLC v. KES, Inc., 296 F. Supp. 2d 892, 893-94 (E.D. Tenn. 2003).

In this case, the Plaintiff has been given leave to amend her suit to include a request for damages in the amount of $24,500.00, plus prejudgment interest, costs, attorney fees, and other

4

incidental and consequential damages. In addition, the Plaintiff continues to seek treble damages, pursuant to Tennessee Code Annotated § 47-18-109(a)(3). [See Doc. 23-1]. The Court finds that given these allegations, it is more likely than not that the damages, which after trebling would amount to $74,500.00, will exceed the jurisdictional threshold of $75,000.00, when they are added to claims for attorney's fees and incidental and consequential damages.

Having so found, the Court declines to address the Defendant's argument that its counterclaim is a basis for denying the Plaintiff's remand request.

Accordingly, the Court finds that the Plaintiff's request for remand is not well-taken, and it will be **DENIED**.

C. **Conclusion**

In sum, the Motion to Compel Discovery **[Doc. 18]** is **DENIED AS MOOT**. The Plaintiff will produce the bank accounts requested by the Defendant on or before **April 15, 2011**. The Motion to Amend **[Doc. 23]** is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff may amend her complaint, and she **SHALL FILE** her amended complaint on or before **April 8, 2011**. The Plaintiff's request for remand is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge